IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**ISAAC WRIGHT, Individually and on**                       **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                                No. 1:22-cv-4553

**DRIVERDO, LLC**                                                            **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiff Isaac Wright ("Plaintiff) by and through undersigned counsel, for his Original Complaint—Collective Action ("Complaint") against Defendant DriverDo, LLC ("Defendant"), states and alleges as follows:

### I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), the minimum wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL"), and the payment provisions of the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.* ("IWPCA").

2. Plaintiff seeks declaratory judgment, monetary damages, liquidated damages, costs, and a reasonable attorneys' fee, as a result of Defendant's policy and practice of failing to pay Plaintiff and others similarly situated sufficient wages under the FLSA and the IMWL within the applicable statutory limitations period.

3. Upon information and belief, within the three years prior to the filing of the Complaint, Defendant has willfully and intentionally committed violations of the FLSA and the IMWL as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Northern District of Illinois has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. This Complaint also alleges IMWL and IWPCA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

6. Defendant conducts business within the State of Illinois.

7. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Illinois has personal jurisdiction over Defendant, and Defendant therefore "resides" in Illinois.

## III. THE PARTIES

8. Plaintiff is an individual and resident of Cook County.

10. Defendant is a Kansas limited liability company.

11. Defendant's registered agent for service of process is Mashhur Zarif Haque at 7900 East College Boulevard, Suite 141, Overland Park, Kansas 66210.

12. Defendant does business as Draiver.

13. Defendant, in the course of its business, maintains a website at https://www.draiver.com/.

## IV. FACTUAL ALLEGATIONS

14. During the relevant time, Defendant had at least two employees who engaged in interstate commerce or business transactions, or in the production of goods for interstate commerce, or who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce, such as vehicles and fuel.

15. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Original Complaint.

16. Defendant was, at all times relevant hereto, Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA and the IMWL.

17. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

18. Plaintiff was employed by Defendant within the three years preceding the filing of this lawsuit.

19. Specifically, Plaintiff worked for Defendant as a Driver from approximately January of 2019 until January of 2022.

20. Defendant also employed other Drivers within the three years preceding the filing of this lawsuit.

21. At all relevant times herein, Defendant directly hired Plaintiff and other Drivers to work on its behalf, controlled their work schedules, duties, protocols,

applications, assignments and employment conditions, and kept at least some records regarding their employment.

22. Plaintiff and other Drivers performed both "hiking" and "chasing" duties. Hikers drove cars from one location to another. Chasers drove the hiker to the vehicle being transported and then followed the hiker to the drop-off location.

23. Chasers regularly drove vehicles which weighed under 10,000 pounds.

24. Defendant classified Plaintiff and other Drivers as exempt from the provisions of the FLSA.

25. Defendant did not pay Plaintiff an hourly or salary rate.

26. Defendant did not pay other Drivers an hourly or salary rate.

27. Defendant paid Plaintiff and other Drivers a set amount for each vehicle they transported (if hiking) or for each drive completed (if chasing).

28. Plaintiff regularly worked over 40 hours in a week.

29. Upon information and belief, other Drivers regularly or occasionally worked hours over 40 in a week.

30. Defendant did not pay Plaintiff and other Drivers a rate of 1.5x their regular hourly rate for hours worked over 40 in a week.

31. Plaintiff's and other Drivers' work followed the usual path of employer-employee relationships; Defendant treated them as independent contractors only for tax purposes and for Defendant's convenience.

32. Defendant, at all times relevant hereto, knew that Plaintiff and other Drivers were acting as employees, rather than as independent contractors, and treated them as employees.

33. Defendant set Plaintiff's and other Drivers' schedules. Once Plaintiff and other Drivers had accepted an assignment, they were required to arrive at work at a specific time or risk being disciplined.

34. Defendant required Plaintiff and other Drivers to satisfy whatever needs and requirements Defendant and Defendant's customers had.

35. Defendant expected Plaintiff and other Drivers to follow Defendant's policies regarding their employment.

36. Plaintiff and other Drivers were required to complete the tasks Defendant assigned to them or risk being disciplined, including termination.

37. Plaintiff and other Drivers did not manage Defendant's enterprise or a customarily recognized subdivision of the enterprise.

38. Plaintiff and other Drivers did not exercise discretion and independent judgment with respect to any matters of significance.

39. Plaintiff and other Drivers were hired to work for Defendant for a continuous and ongoing period of time.

40. Plaintiff and other Drivers did not select any employees for hire, nor did they have any ability to fire employees.

41. Plaintiff and other Drivers did not have any control of or authority over any employee's rate of pay or working hours.

42. Plaintiff and other Drivers regularly and customarily worked at Defendant's facility.

43. Defendant determined Plaintiff's and other Drivers' pay scale for services without input from or negotiation with Plaintiff and other Drivers.

44. Defendant set prices for services without input from or negotiation with Plaintiff and other Drivers.

45. Defendant made decisions on advertising Defendant's business without Plaintiff's and other Drivers' input.

46. Defendant made decisions on what new business to pursue or take without Plaintiff's and other Drivers' input.

47. Plaintiff and other Drivers did not negotiate contracts or prices with Defendant's customers.

48. Defendant directed Plaintiff and other Drivers in their work.

49. Plaintiff and other Drivers had no opportunity to share in Defendant's profits.

50. Plaintiff and other Drivers did not share in Defendant's losses.

51. Plaintiff and other Drivers' had no investment in Defendant's business or operations

52. In most weeks while Plaintiff was employed with Defendant, he worked over 40 hours and therefore incurred damages.

53. Specifically but without limitation, during the weeks of January 3, 2022, January 10, 2022, and January 17, 2022, Plaintiff worked hours over 40 but was not paid 1.5x his regular hourly rate. Therefore, in these weeks he incurred damages.

54. Plaintiff and other Drivers recorded their trips on Defendant's app.

55. Defendant knew or should have known that Plaintiff and other Drivers regularly or occasionally worked hours over 40 each week.

56. At all relevant times herein, Defendant has deprived Plaintiff and other

Drivers of sufficient wages for all hours worked.

57. The net effect of Defendant's practices and policies regarding Plaintiff's job duties and pay, as described above, is that Defendant intentionally misclassified him as an independent contractor in order to avoid paying him an overtime premium for hours worked over 40 each week.

58. Defendant made no reasonable efforts to ascertain and comply with applicable law.

59. Defendant knew or showed reckless disregard for whether its actions violated the FLSA, the IMWL and the IWPCA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

60. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated who were, are, or will be paid wages by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

   A. Overtime wages for all hours worked over 40 each week;

   B. Liquidated damages; and

   C. Attorneys' fees and costs.

61. Plaintiff proposes the following collective under the FLSA:

**All Drivers within the past three years.**

62. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

63. The relevant time period dates back three years from the date on which

Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

64. The members of the proposed FLSA collective are similarly situated in that they share these traits:

    A.    They worked for Defendant as Drivers;

    B.    They had the same or substantially similar job duties;

    C.    They were subject to the numerous policies and practices described above;

    D.    They were paid a piece rate per vehicle transported;

    E.    They worked over forty hours in at least one week within the three years preceding the filing of this lawsuit; and

    F.    They were not paid an overtime rate for hours worked over 40 in a week.

65. Plaintiff is unable to state the exact number of the collective but believes that the collective exceeds twenty persons.

66. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

67. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

68. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant

### VI.    FIRST CAUSE OF ACTION
(Individual Claim for Violation of the FLSA)

69. Plaintiff asserts this claim for damages and declaratory relief pursuant to

the FLSA, 29 U.S.C. § 201, *et seq.*

70. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

71. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

72. 29 U.S.C. § 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

73. During the period relevant to this lawsuit, Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

74. Despite the entitlement of Plaintiff to overtime wages under the FLSA, Defendant failed to pay Plaintiff 1.5x his regular hourly rate for all hours worked over 40 each week.

75. Defendant knew or should have known that its actions violated the FLSA.

76. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

77. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

78. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result

thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

79. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CAUSE OF ACTION
### (Individual Claim for Violation of the IMWL)

80. Plaintiff asserts this claim for damages and declaratory relief pursuant to the IMWL, 820 ILCS 105/1, *et seq.*

81. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the IMWL, 820 ILCS 105/3.

82. IMWL, 820 ILCS 105/4(a)(1) requires employers to pay all employees a lawful minimum wage.

83. IMWL, 820 ILCS 105/4a(1) requires employers to pay all employees 1.5x regular wages for all hours worked over 40 hours in a week, unless an employee meets the exemption requirements of 820 ILCS 104/4a(2).

84. Defendant failed to pay Plaintiff a sufficient hourly wage for all hours worked in a week as required by the IMWL.

85. Defendant failed to pay Plaintiff 1.5x his regular hourly rate for all hours worked over 40 each week.

86. Defendant knew or should have known that its practices violated the IMWL.

87. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

88. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for monetary damages, liquidated damages, damages of 5% of the amount of underpayment for each month following the date of payment during which such underpayments remain unpaid, costs, and a reasonable attorney's fee provided by the IMWL for all violations which occurred within the three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling. 820 ILCS 105/12.

89. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the IMWL, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. THIRD CAUSE OF ACTION
### (Individual Claim for Violation of the IWPCA)

90. At all times relevant herein, Defendant was the "employer" of Plaintiff within the meaning of the IWPCA.

91. At all times relevant herein, Plaintiff was the "employee" of Defendant within the meaning of the IWPCA.

92. Section 4 of the IWPCA states that "[a]ll wages earned by any employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages were earned." 820 ILCS 115/4.

93. Section 2 of the IWPCA defines "final compensation" as "[p]ayments to separated employees" for "wages . . . and any other compensation owed the employee by the employer pursuant to an employment contract or agreement between the two

Case: 1:22-cv-04553 Document #: 1 Filed: 08/26/22 Page 12 of 14 PageID #:12

parties." 820 ILCS 115/2.

94. Section 5 of the IWPCA states, "Every employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee." 820 ILCS 115/5.

95. Defendant did not pay Plaintiff all wages and final compensation due.

96. Section 14 of the IWPCA states, "Any employee not timely paid wages, final compensation, or wage supplements by his or her employer as required by this Act shall be entitled to recover . . . the amount of any such underpayments and damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid. In a civil action, such employee shall also recover costs and all reasonable attorney's fees." 820 ILCS 115/14.

97. Defendant knew or should have known that its actions violated the IWPCA.

98. Plaintiff is entitled to recover an award of unpaid wages and liquidated damages as provided for by the IWPCA, for a reasonable attorney's fee and costs.

### IX. FOURTH CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

99. Plaintiff brings this action on behalf of himself and all other similarly situated individuals to recover monetary damages owed by Defendant to Plaintiff and members of the putative collective for unpaid wages for all the hours worked.

100. 29 U.S.C. § 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets certain

exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

101. Defendant misclassified Plaintiff and similarly situated employees as exempt from the overtime requirements of the FLSA.

102. Defendant failed to pay Plaintiff and other similarly situated employees 1.5x their regular hourly rate for all hours worked over 40 each week.

103. Defendant's conduct and practices, as described above, have been and are willful, intentional, unreasonable, arbitrary and in bad faith.

104. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

105. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## X.  PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Isaac Wright, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A. That Defendant be required to account to Plaintiff and the Court for all of the hours worked by Plaintiff and all others similarly situated, and all monies paid to them;

B. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the IMWL, the IWPCA and their related regulations;

C. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

D. Judgment for damages for all unpaid wages owed to Plaintiff and others similarly situated pursuant to the FLSA, the IMWL, the IWPCA and related regulations;

E. Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA, the IMWL, the IWPCA and their related regulations;

F. An order directing Defendant to pay Plaintiff and others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

G. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**ISAAC WRIGHT, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com