IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**ISAAC WRIGHT, Individually and on**                **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.           No. 1:22-cv-4553-SCS

**DRIVERDO, LLC**                                                             **DEFENDANT**

## OPPOSED MOTION TO CONTINUE DEADLINES

Plaintiff Isaac Wright ("Plaintiff"), individually and on behalf of all others similarly situated, for his Opposed Motion to Continue Deadlines ("Motion"), state as follows:

1. On November 14, 2022, the Court entered a Scheduling Order that outlined various deadlines for the Parties. *See* ECF No. 13.

2. The Court set the deadline for fact discovery to be completed by May 8, 2023, and the deadline for dispositive motions for September 7, 2023. *Id.*

3. On December 1, 2022, Plaintiff filed a Motion for Conditional Certification. *See* ECF No. 16.

4. Defendant filed its Response to Plaintiff's Motion for Conditional Certification on January 6, 2023, (ECF No. 20), and Plaintiff filed his Reply on January 13, 2023 (ECF No. 24).

5. As of this date, the Court has not yet ruled on Plaintiff's Motion for Conditional Certification.

6. If the Court were to grant Plaintiff's Motion for Conditional Certification, additional time would be needed not only for the notice period, but also for additional

discovery to occur after the notice period had closed. If the Court granted Plaintiff's Motion for Conditional Certification in its entirety, the notice period would last 90 days, beginning on the date on which Defendant provides the class list to Plaintiff.

7. For this reason, Plaintiff respectfully requests that the current deadlines, including the discovery deadline and the dispositive motions deadlines, be continued until after the Court's resolution of Plaintiff's Motion for Conditional Certification.

8. Plaintiff would propose that the Parties file a joint status report two weeks after the Court's ruling on Plaintiff's Motion for Conditional Certification proposing new scheduling deadlines. What the Parties would propose in terms of deadlines will depend on how the Court rules on Plaintiff's Motion for Conditional Certification and depend on the potential size of the putative collective if the Court grants the Motion.

9. This Motion is brought for good cause and not for the purpose of unnecessary delay.

10. Counsel for both Parties have conferred regarding this Motion and Defendant is opposed to the requested relief.

WHEREFORE, for the reasons stated above, Plaintiff respectfully requests that the Court grant this Opposed Motion to Continue Deadlines in its entirety, that all current deadlines be continued until after the Court's resolution of Plaintiff's Motion for Conditional Certification, that the Parties be required to file a joint status report two weeks after the Court's ruling on Plaintiff's Motion for Conditional Certification proposing new scheduling deadlines, and for all other relief the Court may find necessary or proper.

Respectfully submitted,

**ISSAC WRIGHT, Individually
and on Behalf of All Others
Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

*/s/ Colby Qualls*
Colby Qualls
Ark. Bar No. 201946
colby@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

## **CERTIFICATE OF SERVICE**

I, Colby Qualls, hereby certify that on the date imprinted by the CM/ECF system, a true and correct copy of the foregoing MOTION was electronically filed via the CM/ECF system, which will provide notice to the following attorneys of record:

Kevin M. O'Hagan, Esq.
Ryan T. Benson, Esq.
O'Hagan Meyer
1 East Wacker Dr., Suite 3400
Chicago, Illinois 60601
Telephone: (312) 422-6100
kohagan@ohaganmeyer.com
rbenson@ohaganmeyer.com

                                                   */s/ Colby Qualls*_____
                                                   **Colby Qualls**