IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ISAAC WRIGHT, Individually and on Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) No. 1:22-cv-4553 ) |
| DRIVERDO, LLC, | ) Judge Steven C. Seeger ) |
| Defendant. | ) |

**RESPONSE TO ORDER DATED MAY 11, 2023 RELATED
TO ARBITRATION AGREEMENTS AND CONDITIONAL CERTIFICATION**

Defendant, Driverdo, LLC ("DriverDo/Draiver"), by and through its attorneys, O'HAGAN MEYER, LLC, and for its Response to Order Dated May 11, 2023 Related To Arbitration Agreements and Conditional Certification, states as follows:

**A. All Independent Contractor Users Since August 26, 2019 Have Signed Mutual Arbitration Clauses With DriverDo**

In order for an individual Independent Contractor User to be listed in the DriverDo driver marketplace and access Trip Transactions offered on DriverDo's mobile application, the individual must download the DriverDo mobile application and register for a User Account with DriverDo. (Declaration of Kathy Zapp attached as Exhibit 1, ¶9).

DriverDo also has terms of service which contain arbitration clauses that must be accepted by the Independent Contractor Users. (*Id.* at ¶9). All Independent Contractor Users signed terms of service that include arbitration clauses. (*Id.*). DriverDo has updated its Terms of Service (also referred to as Terms and Conditions) ("TOS") a few times since August 26, 2019. (See Ex. 1 ¶¶ 9, 10, Ex. A to Ex. 1). All versions of the TOS have had the same arbitration agreement language. In the arbitration clause section of the TOS, it specifically states (in part), "YOU AND DRAIVER

MUTUALLY AGREE TO WAIVE OUR RESPECTIVE RIGHTS TO RESOLUTION OF DISPUTES IN A COURT OF LAW BY A JUDGE OR JURY AND AGREE TO RESOLVE ANY DISPUTE BY ARBITRATION," and applies to "these Terms and prior versions thereof (including the breach, termination, enforcement, interpretation or validity thereof); the DRAIVER TMS; the Trip Transactions; any other goods or services made available through the DRAIVER TMS, your relationship with DRAIVER, the threatened or actual suspension, deactivation or termination of your User Account or these Terms; payments made by you or any payments made or allegedly owed to you; any promotions or offers made by DRAIVER; any city, county, state or federal wage-hour law." (See Ex. A to Ex. 1). Further, there is specifically a Class Action Waiver which states, "YOU UNDERSTAND AND AGREE THAT YOU AND DRAIVER MAY EACH BRING CLAIMS IN ARBITRATION AGAINST THE OTHER ONLY IN AN INDIVIDUAL CAPACITY AND NOT ON A CLASS ACTION, COLLECTIVE ACTION, OR REPRESENTATIVE BASIS ("CLASS ACTION WAIVER"). YOU UNDERSTAND AND AGREE THAT YOU AND DRAIVER BOTH ARE WAIVING THE RIGHT TO PURSUE OR HAVE A DISPUTE RESOLVED AS A PLAINTIFF OR CLASS MEMBER IN ANY PURPORTED CLASS, COLLECTIVE OR REPRESENTATIVE PROCEEDING." (*Id.*).

All Independent Contractor Users have their acceptance of the TOS tracked by DriverDo. Attached as Ex. A to Ex. 2 is a spreadsheet outlining the original date an Independent Contractor User executed the TOS and a link to their electronic signature. (See Ex. A to Ex. 2; Ex. A, ¶6). Each electronic signature can be accessed by following the link. Further, to accept any Trip Transaction the Independent Contractor User must accept the TOS again before any Trip Transaction. (See Declaration of Adam Friend attached as Exhibit 2, ¶8). In total, DriverDo has 5389 Independent Contractor Users on record who have signed the TOS that includes the mutual

arbitration agreement between August 26, 2019 and May 16, 2023. (Ex. 2, ¶7).

### B. The Federal Arbitration Act Applies To The Arbitration Provision Contained In The Terms of Service Agreements And If Not Under State Law

The Supreme Court reinforced the long-standing principle that federal courts are to vigorously enforce arbitration agreements. *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1619 (U.S. 2018); *see also AT&T Mobility, LLC v. Concepcion*, 563 U.S. 333, 345-46 (2011) (FAA declares a liberal policy favoring the enforcement of arbitration agreements). The Federal Arbitration Act ("FAA) provides that "[a] written provision in any . . . contract . . . involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. In *Epic*, the Supreme Court opined that "[i]n the Federal Arbitration Act, Congress has instructed federal courts to enforce arbitration agreements ***according to their terms--including terms providing for individualized proceedings***." 138 S. Ct. at 1619, 1621 (collecting cases) (emphasis added).

In enacting the FAA, Congress sought to overcome judicial reluctance to enforcement of arbitration agreements. *See Hall St. Assoc., LLC v. Mattel, Inc*., 552 U.S. 576, 581 (2008); *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006) (explaining that the FAA was enacted "[t]o overcome judicial resistance to arbitration"). It is designed "to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983). To this end, the FAA not only places arbitration agreements on equal footing with other contracts, but amounts to a "congressional declaration of a liberal federal policy *favoring* arbitration agreements." *Id*. *See also*, *Epic*, 138 S. Ct. at 1621 (FAA establishes "a liberal federal policy favoring arbitration agreements.") (citations omitted); *Green Tree Financial Corp. v. Randolph*, 531 U.S. 79, 91

(2000); *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24. Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24-25; *Bahoor v. Varonis Systems Inc.*, 152 F. Supp. 3d 1091, 1098 (N.D. Ill. Dec. 2015) (J. Chang).

The arbitration provisions contained in the TOSs at issue here are - by their express terms - indisputably governed by the FAA.

### C. Plaintiff Will Likely Argue Defendant's Arbitration Clauses Are Inapplicable to Certain Independent Contractor Users But That Argument Fails

It is anticipated that Plaintiff will argue that at least some Independent Contractor Users who are bound to the arbitration agreements should not be subject to those agreement due to their movement of vehicles across state lines under the FAA. See 9 U.S.C.A. § 1 ("but nothing herein contained shall apply to contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce").

However, a majority of Independent Contractor Users of the mobile application who signed and were subject to the arbitration agreements containing class action waivers never crossed state lines with vehicles. (Ex. 1, ¶24). While it is admitted that a minority of Independent Contractor Users crossed state lines when they performed trips, this would create individualized inquires in each case regarding the arbitration agreements they executed. As other Courts have found, that is not proper. See, e.g., *Pablo v. ServiceMaster Global Holdings, Inc.*, 2011 U.S. Dist. LEXIS 87918 at *6 (N.D. Cal. Aug. 9, 2011) (denying class certification because significant portion of putative class members signed arbitration agreements and significant portion of litigation would be devoted to discovering which class members signed such agreements, rather than to resolve legal claims); *Heejim Lim v. Helio, LLC*, 2012 U.S. Dist. LEXIS 197229 at *8 (C.D. Cal. Apr. 18, 2012) (denying certification because "the evidence before the Court strongly suggests that the vast majority of potential class members signed arbitration agreement containing class action

4

waivers."); *Lankford v. Carnival Corp.*, 2014 U.S. Dist. LEXIS 192138 at *9-*11 (S.D. Fla. Jul. 25, 2014) (denying motion for certification where class was subject to a class action waiver provision included on passenger ticket); *Christie Clinic, P.C. v. MultiPlan, Inc.*, 2009 U.S. Dist. LEXIS 5750 at *34-*35 (C.D. Ill. Jan. 26, 2009) (denying certification because varying contracts between defendant and putative class members were not susceptible to common proof); *Guzman v. Bridgepoint Educ., Inc.*, 305 F.R.D. 594, 612 (S.D. Cal. Mar. 26, 2015) (class definition not precise, identifiable, or ascertainable because portion of members signed agreements containing arbitration provision).

Further, it would call into question very specific factual issues on when, how many times and where Individual Contractor Users moved vehicles across state lines. Therefore, Plaintiff's Motion for Conditional Certification should be denied based on the arbitration clauses and class action waivers signed by the Independent Contractor Users.

### D. Even If The Arbitration Clauses Were Found Invalid Under the FAA They Are Still Valid Under State Law

As outlined in a very recent opinion by this court, "the fact that the Federal Arbitration Act doesn't apply only means that its enforcement mechanisms aren't available, not that the whole dispute can't be arbitrated by enforcing the contract through another vehicle (like state law). ... That's true even when the contract says that the Federal Arbitration Act applies and mentions no other law." *Saxon v. Sw. Airlines Co.*, 19-CV-00403, 2023 WL 2456382, at *4 (N.D. Ill. Mar. 10, 2023)(footnote 5); citing *Atwood v. Rent-A-Center East Inc.*, No. 15-cv-1023-MJF-SCW, 2016 WL 2766656, at *3 (S.D. Ill. May 13, 2016) (internal citation omitted).

Here the TOS outlines, "Except as provided in Arbitration Agreement Section, this Agreement shall be governed by the laws of the State of Kansas without regard to choice of law principles. This choice of law provision is only intended to specify the use of Kansas law to

interpret this Agreement and is not intended to create any other substantive right to non-Kansas citizens to assert claims under Kansas law whether by statute, common law, or otherwise." There is no Kansas exception under their arbitration laws related to transportation workers. The Kansas Uniform Arbitration Act states," (a) An agreement contained in a record to submit to arbitration any existing or subsequent controversy arising between the parties to the agreement is valid, enforceable and irrevocable, except upon a ground that exists at law or in equity for the revocation of a contract." Kan. Stat. Ann. § 5-428 (West).

Even if Plaintiff argues Illinois State Law should control, that would not further his argument as outlined in prior caselaw. Unlike the FAA, the Illinois Uniform Arbitration Act ("IUAA") has no exemption for transportation workers. *See Sherwood v. Marquette Transp. Co., LLC*, 587 F.3d 841, 843 (7th Cir. 2009) ("[P]rovisions for alternative dispute resolution may be enforced as contracts under state law, even if the provisions are outside the Federal Arbitration Act's scope."); *Atwood v. Rent-A-Center East Inc.*, No. 15-cv-1023-MJF-SCW, 2016 WL 2766656, at *3 (S.D. Ill. May 13, 2016) (finding that the IUAA, unlike the FAA, lacks an exemption for transport workers and compelling arbitration under the IUAA).

Therefore, the arbitration agreements signed by all Independent Contractor Users are valid and enforceable.

## CONCLUSION

This Court may not permit issuance of notice to any putative class member for whom Defendant has shown a valid arbitration agreement. *Bigger v. Facebook, Inc.*, 947 F.3d 1043, 1050 (7th Cir. 2020). Based on the attachments and arguments herein, the Court should not permit issuance of notice to any putative class member as all have signed binding and enforceable

6

arbitration agreements. WHEREFORE, Defendant respectfully requests that the Court deny Plaintiff's Motion for Conditional Certification.

                Respectfully submitted:

                /s/Ryan T. Benson
                Kevin M. O'Hagan (ARDC No. 6211446)
                Ryan T. Benson (ARDC No. 6312338)
                O'Hagan Meyer
                1 East Wacker Dr., Suite 3400
                Chicago, Illinois 60601
                312-422-6100
                kohagan@ohaganmeyer.com
                rbenson@ohaganmeyer.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 26, 2023, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

SANFORD LAW FIRM, PLLC
Josh Sanford
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040
josh@sanfordlawfirm.com

/s/ Ryan T. Benson
Ryan T. Benson (ARDC No. 6312338)
O'Hagan Meyer LLC
One East Wacker Drive
Suite 3400
Chicago, Illinois 60601
312.422.6100
rbenson@ohaganmeyer.com