IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**ISAAC WRIGHT, Individually and on**                  **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.            No. 1:22-cv-4553-SCS

**DRIVERDO, LLC**                                                      **DEFENDANT**

## REPLY TO DEFENDANT'S RESPONSE TO ORDER DATED MAY 11, 2023 RELATED TO ARBITRATION AGREEMENTS AND CONDITIONAL CERTIFICATION

On May 11, 2023, this Court entered an Order requiring Defendant to produce by May 26 evidence of valid arbitration agreements for each employee it believes should be excluded from receiving notice as a putative member of the collective. ECF No. 30. The Court directed the parties to meet and confer before filing to "see if they can narrow any potential dispute." *Id*. On May 26, Defendant filed its Response without conferring with Plaintiff as directed by the Court. *See* ECF No. 32.

**A. Defendant has not provided valid proof that Plaintiff or any other driver assented to the terms of service.**

Defendant claims that over 5,000 putative class members must be excluded from any potential collective due to the existence of valid arbitration agreements. While evidence of 5,000 agreements is an onerous task, it is what this Circuit requires prior to culling any potential notice list. *Bigger v. Facebook, Inc.*, 947 F.3d 1043, 1050 (7th Cir. 2020) ("The employer seeking to exclude employees from receiving notice has the burden to show, by a preponderance of the evidence, the existence of a valid arbitration agreement for each employee it seeks to exclude from receiving notice."). Defendant

Page 1 of 6
Isaac Wright, et al. v. DriverDo, LLC
U.S.D.C. (N.D. Ill.) Case No. 1:22-cv-4553-SCS
Reply to Defendant's Response to Order dated May 11, 2023
Related to Arbitration Agreements and Conditional Certification

has not met this burden. As evidence of valid arbitration agreements, Defendant produced a document purportedly containing the name of each driver with an arbitration agreement, the date that driver signed the agreement, and a link to the image of the signature. *See* Ex. A to Ex. 1 to Def.'s Resp., ECF No. 32-2. While the document contains a partial name, a date, and a link, the names are mostly illegible and the links are broken. Accordingly, Defendant has not shown that any driver accepted its terms of service that contain an arbitration provision.

To form a valid contract under Kansas law,[1] there must be a "meeting of the minds as to all essential terms." *Sw. & Assocs. v. Steven Enters., LLC*, 32 Kan. App. 2d 778, 781, 88 P.3d 1246, 1249 (2004) (citing *Sidwell Oil & Gas Co. v. Loyd*, 230 Kan. 77, 79, 630 P.2d 1107 (1981)). The test to determine intent to contract "is objective, rather than subjective, meaning that the relevant inquiry is the 'manifestation of a party's intention, rather than the actual or real intention.'" *Id*. (quoting 17A Am. Jur. 2d, Contracts § 27). Thus, "the inquiry will focus not on the question of whether the subjective minds of the parties have met, but on whether their outward expression of assent is sufficient to form a contract." *Id*. (quoting 1 Lord, Williston on Contracts § 4:1, p. 241 (1990)).

Defendant has not shown that any of its Drivers manifested assent to the terms of service. The terms of service itself provides no mechanism by which to accept the terms. *See* ECF No. 32-4. No space is provided to affix a signature, nor is there a

---

[1] To determine whether a party agreed to arbitrate, the Court "should apply ordinary state-law principles that govern the formation of contracts." *Hardin v. First Cash Fin. Servs.*, 465 F.3d 470, 475 (10th Cir. 2006) (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944, 115 S. Ct. 1920, 1924 (1995)). Despite Plaintiff's assertion that the arbitration terms within the terms of service are unconscionable and unenforceable, Plaintiff does not object to the application of Kansas law to the contract terms' interpretation.

Page 2 of 6
Isaac Wright, et al. v. DriverDo, LLC
U.S.D.C. (N.D. Ill.) Case No. 1:22-cv-4553-SCS
Reply to Defendant's Response to Order dated May 11, 2023
Related to Arbitration Agreements and Conditional Certification

provision stating that some action manifests acceptance of the terms. *See id*. Nor does Defendant describe the way in which each Driver "accepted" these terms. *See generally*, ECF Nos. 32-1, 32-3. Defendant merely asserts that Drivers were required to download a mobile application on their smart phones, then "accept" the terms of service, but never states how that acceptance manifested. Decl. of Adam Friend ¶ 3–4, ECF No. 32-1; Decl. of Kathy Zapp ¶ 7, 9, ECF No. 32-2.

Based on Defendant's evidence, there is no way to ascertain the mechanism by which Plaintiff and other Drivers "signed" the terms of service. Were they presented with the entirety of the terms and asked to physically sign their names? Were they required to initial each portion of the terms? Because the terms were accessible through mobile app, it is far more likely that a simple pop-up box appeared on the screen asking the Driver to agree to the terms via a checkbox. Even so, a simple pop-up box with an "accept" option is insufficient—Defendant must prove that this pop-up incorporated the terms of service and provided a means by which to read the entire text such that Drivers knew what they were accepting when they checked the box. *See Shockley v. PrimeLending*, 929 F.3d 1012 (8th Cir. 2019) (declining to enforce an arbitration term in an employment contract when the employer could not prove that the employee was aware of the term despite providing a link wherein the text could be read). At the very most, the Drivers may have been required to scroll through the terms to reach the end where they were presented with the click-to-sign checkbox, but even that is unlikely given that the terms of service are almost 30 pages long.

Defendant has provided no proof that Plaintiff or any other Driver manifested assent to any of the terms of service, including the arbitration agreement. Defendant is

Page 3 of 6
Isaac Wright, et al. v. DriverDo, LLC
U.S.D.C. (N.D. Ill.) Case No. 1:22-cv-4553-SCS
Reply to Defendant's Response to Order dated May 11, 2023
Related to Arbitration Agreements and Conditional Certification

the proponent of the contract and Defendant must be required to produce evidence sufficient to establish a meeting of the minds. Defendant has not done so.

### B. Defendant has not provided any evidence that Plaintiff or any other Driver had knowledge of the terms of the contract.

Based on the above, Defendant has likewise failed to provide any evidence that any of its Drivers knew the terms they were accepting.[2] Without more evidence regarding how the Drivers were made aware of the terms of service, nor how they "signed" the agreement, Defendant has not shown a valid agreement to arbitrate FLSA claims between itself and its Drivers. Under Kansas law, "a party who freely enters a contract is bound by it even though it was unwise or disadvantageous to the party, so long as the contract is not unconscionable." *Oesterle v. Atria Mgmt. Co., LLC*, No. 09-4010-JAR, 2009 U.S. Dist. LEXIS 60057, at *6 (D. Kan. July 14, 2009) (quoting *In re Universal Serv. Fund Tel. Billing Practices Litig.*, 300 F. Supp. 2d 1107, 1125 (D. Kan. 2003)). Courts must consider the following factors when determining the conscionability of contracts under Kansas law:

> (1) The use of printed form or boilerplate contracts drawn skillfully by the party in the strongest economic position, which establish industry wide standards offered on a take it or leave it basis to the party in a weaker economic position ...; (2) a significant cost-price disparity or excessive price; (3) a denial of basic rights and remedies to a buyer of consumer goods ...; (4) the inclusion of penalty clauses; (5) the circumstances surrounding the execution of the contract, including its commercial setting, its purpose and actual effect ...; (6) the hiding of clauses which are disadvantageous to one party in a mass of fine print trivia or in places which are

---

[2] The validity of the arbitration term itself is not properly before the Court at this time. Plaintiff presents this argument in support of his contention that no valid agreement to arbitrate exists between Defendant and Defendant's Drivers and therefore no Driver should be excluded from receiving notice, but Plaintiff reserves the right to more fully present evidence and case law should Defendant move to compel arbitration based on the terms of service.

Page 4 of 6
Isaac Wright, et al. v. DriverDo, LLC
U.S.D.C. (N.D. Ill.) Case No. 1:22-cv-4553-SCS
Reply to Defendant's Response to Order dated May 11, 2023
Related to Arbitration Agreements and Conditional Certification

>inconspicuous to the party signing the contract ...; (7) phrasing clauses in language that is incomprehensible to a layman or that divert his attention from the problems raised by them or the rights given up through them; (8) an overall imbalance in the obligations and rights imposed by the bargain; (9) exploitation of the underprivileged, unsophisticated, uneducated and the illiterate ...; and (10) inequality of bargaining or economic power.

*Wille v. Sw. Bell Tel. Co.*, 219 Kan. 755, 757–58, 549 P.2d 903, 906–07 (1976). Here, Plaintiff and other Drivers are clearly in the weaker economic position and were offered a skillfully drafted contract on a take-it-or-leave-it basis. The arbitration term is buried in the last 10 pages of the agreement and is rife with legal language that is largely incomprehensible to those untrained in legalese. Defendant's Drivers, who perform a basic, unskilled service with no formal education or training required, lack the sophistication required to understand the rights they are signing away by merely clicking a box.

Defendant has failed to provide evidence that all 5,000+ of its Drivers "signed" the terms of service containing the arbitration clause, but even if Defendant could definitively prove that each Driver somehow manifested assent to the terms, the terms of the arbitration agreement are unconscionable and should not be enforced.

Page 5 of 6
Isaac Wright, et al. v. DriverDo, LLC
U.S.D.C. (N.D. Ill.) Case No. 1:22-cv-4553-SCS
Reply to Defendant's Response to Order dated May 11, 2023
Related to Arbitration Agreements and Conditional Certification

Respectfully submitted,

**ISAAC WRIGHT, Individually
and on behalf of All Others
Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 500
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Colby Qualls
Ark. Bar No. 2019246
colby@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

## CERTIFICATE OF SERVICE

I, Josh Sanford, hereby certify that on the date imprinted by the CM/ECF system, a true and correct copy of the foregoing REPLY was electronically filed via the CM/ECF system, which will provide notice to the following attorneys of record:

Kevin M. O'Hagan, Esq.
Ryan T. Benson, Esq.
O'Hagan Meyer
1 East Wacker Dr., Suite 3400
Chicago, Illinois 60601
312-422-6100
kohagan@ohaganmeyer.com
rbenson@ohaganmeyer.com

*/s/ Josh Sanford*
**Josh Sanford**

Page 6 of 6
Isaac Wright, et al. v. DriverDo, LLC
U.S.D.C. (N.D. Ill.) Case No. 1:22-cv-4553-SCS
Reply to Defendant's Response to Order dated May 11, 2023
Related to Arbitration Agreements and Conditional Certification