IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ISAAC WRIGHT, Individually and on Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) No. 1:22-cv-4553 ) |
| DRIVERDO, LLC, | ) ) |
| Defendant. | ) |

**DEFENDANT'S MOTION TO COMPEL ARBITRATION**

Defendant, DRIVERDO, LLC, through its attorneys, O'HAGAN MEYER LLC, for its Motion to Compel Arbitration, state as follows:

**A. DEFENDANT MADE AN ARBITRATION DEMAND TO PLAINTIFF**

On June 26, 2023, Defendant's counsel formally demanded that Plaintiff's claims be arbitrated, and Plaintiff has not agreed to arbitration to date. (See Declaration of Ryan T. Benson attached as Exhibit A, ¶¶ 2-3).

**B. PLAINTIFF ENTERED A MUTUAL ARBITRATION CLAUSE WITH DRIVERDO**

Plaintiff admitted in his deposition that he agreed to Defendant's Terms and Conditions and he had to follow them (also referred to a Terms of Service) (Hereafter "TOS"):

```
19      Q.   Did you have to agree to DRAIVER's terms and
20   conditions prior to accepting rides on the app?
21      A.   Yes.
```

(See Deposition of Plaintiff Isaac Wright attached as Exhibit B; p. 13:19-21).

Plaintiff further admitted that he had to follow Defendant's TOS:

```
 9      A.   They didn't put me no handbook, but they had a
10   set of rules I had to follow.
11      Q.   And are you referring to the terms and
```

12   conditions?
13      A.   Yes.

(*Id.*, p. 66:9-13).

An arbitration clause is apart of the TOS in which Mr. Wright agreed to on August 4, 2020 for the first time and then agreed to the TOS again another 270 times (See Second Declaration of Adam Friend attached as Exhibit C, ¶¶7, 13, 15, 16, 17). The TOS that were agreed upon by Mr. Wright on August 4, 2020 was last updated on June 4, 2020. (See TOS attached as Exhibit 1 to Exhibit C; Ex. C; ¶6).

In order for an individual Independent Contractor User to be listed in the DriverDo driver marketplace and access Trip Transactions offered on DriverDo's mobile application, the individual must download the DriverDo mobile application and register for a User Account with DriverDo. (*Id.* at ¶3). In the registration process, an Independent Contractor User must complete a profile. . (*Id.* at ¶4). An Independent Contractor User would first provide his name, address, phone number, pick a username and create a password. An Independent Contractor User is then required to accept Driverdo's TOS by clicking a box. The Independent Contractor User is not allowed to continue with the registration process without accepting the TOS.

A picture of the initial registration page in which Mr. Wright would have accepted the TOS for the first time is shown on the following page:



(*Id.* at ¶5).

Mr. Wright completed this initial step of the registration process on August 4, 2020. (*Id.* at ¶7). Mr. Wright then provided a picture of himself during the registration process.



(*Id.* at ¶8).

Mr. Wright accessed Defendant's system and completed an online profile in which he provided his personal information, including his telephone number, home address, date of birth, Social Security number and driver's license number. (*Id.* at ¶9).

Mr. Wright would have needed to agree to background check documents and then would need to review insurance documents and agree to them by checking a box and finally providing a digital signature. (*Id.* at ¶10). Mr. Wright's signature that was captured and is in Defendant's system is:

(*Id.* at ¶11; Ex. A, ¶4).

On every page of the registration process in August of 2020 there is a link to the TOS that can

be pulled up during the registration process. (*Id.* at ¶13).

Mr. Wright completed a second registration on August 4, 2022 at 3:46 p.m. (Two years after his first time) under the name Isaac Travis Wright and agreed again to the TOS. The registration language changed from his 2020 registration to state, "By Proceeding, I agree to DRAIVER's Terms and conditions and acknowledge that I have read the Privacy Policy." (*Id.* at ¶14).

Further, prior to any Independent Contractor User performing any trip transaction, they must agree again prior to any trip transaction with the TOS which contains the arbitration clause. (*Id.* at ¶15).

Below is an example of what an Independent Contractor User would see prior to accepting a trip.



(*Id.* at ¶16). Mr. Wright performed 269 trips so he would have needed to agree 269 more times to the TOS. (*Id.* at ¶17).

On the very first page of the TOS it states in Bold:

"PLEASE BE ADVISED: THESE TERMS CONTAIN PROVISIONS THAT GOVERN HOW CLAIMS YOU AND DRAIVER HAVE AGAINST EACH OTHER CAN BE BROUGHT (SEE "DISPUTE RESOLUTION AND ARBITRATION" SECTION BELOW). THESE PROVISIONS WILL, WITH LIMITED EXCEPTION, REQUIRE YOU TO SUBMIT CLAIMS YOU HAVE AGAINST DRAIVER TO BINDING AND FINAL ARBITRATION ON AN INDIVIDUAL BASIS, NOT AS A PLAINTIFF OR CLASS MEMBER IN ANY CLASS, GROUP OR REPRESENTATIVE ACTION OR PROCEEDING."

(Ex. 1 to Exhibit C, p. 1).

### C. ALL OF PLAINTIFF'S CLAIMS ARE WITHIN THE SCOPE OF THE ARBITRATION CLAUSE AND SHOULD BE ARBITRATED

The Federal Arbitration Act provides that arbitration agreements are and "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Under the Act, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). This presumption can be rebutted only by "an express provision excluding the grievance from arbitration or the most forceful evidence of a purpose to exclude the claim from arbitration." *Karl Schmidt Unisia, Inc. v. Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am., UAW Local 2357*, 628 F.3d 909, 913 (7th Cir. 2010) (internal punctuation and citations omitted). Mindful of the Supreme Court's mandate to resolve any doubts concerning the scope of arbitration provisions in favor of arbitration, (*see Moses H Cone Mem. Hosp.*, 460 U.S. at 24-25), courts in the Seventh Circuit broadly construe arbitration provisions. *See, e.g., Zechman v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 742 F. Supp. 1359, 1369 (N.D. Ill. 1990); *Lohman v. Cap Mark, Inc.*, No. 03-cv-8965, 2004 WL 1157836, at *2 (N.D. Ill. May 24, 2004). "Any 'ambiguities as to the scope of the arbitration clause are resolved in favor of arbitration.'" *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Intl Union v. Trimas Corp.*, 531 F.3d 531, 536 (7th Cir. 2008).

6

Here, Plaintiff's claims alleged in the Complaint are specifically contemplated under the Arbitration Agreement. The "Dispute Resolution and Arbitration Agreement" expressly states:

> "YOU AND DRAIVER MUTUALLY AGREE TO WAIVE OUR RESPECTIVE RIGHTS TO RESOLUTION OF DISPUTES IN A COURT OF LAW BY A JUDGE OR JURY AND AGREE TO RESOLVE ANY DISPUTE BY ARBITRATION, as set forth below. This agreement to arbitrate ("Arbitration Agreement") is governed by the Federal Arbitration Act and survives the termination of these Terms or if your relationship with DRAIVER ends. ANY ARBITRATION UNDER THESE TERMS WILL TAKE PLACE ON AN INDIVIDUAL AND BILATERAL BASIS. THE PARTIES EXPRESSLY WAIVE ANY RIGHT OR ABILITY TO ASSERT ANY CLAIMS AGAINST THE OTHER PARTY AS A REPRESENTATIVE OR MEMBER IN ANY CLASS, COLLECTIVE, OR OTHER REPRESENTATIVE MATTER. Except as expressly provided below, ALL DISPUTES AND CLAIMS BETWEEN US (EACH A "CLAIM" AND COLLECTIVELY, "CLAIMS") SHALL BE EXCLUSIVELY RESOLVED BY BINDING ARBITRATION SOLELY BETWEEN YOU AND DRAIVER. These Claims include, but are not limited to, any dispute, claim or controversy, whether based on past, present, or future events, arising out of or relating to the following: these Terms and prior versions thereof (including the breach, termination, enforcement, interpretation or validity thereof); the DRAIVER TMS; the Trip Transactions; any other goods or services made available through the DRAIVER TMS, your relationship with DRAIVER, the threatened or actual suspension, deactivation or termination of your User Account or these Terms; **payments made by you or any payments made or allegedly owed to you**; any promotions or offers made by DRAIVER; any city, county, state or federal wage-hour law, trade secrets, unfair competition, compensation, breaks and rest periods, expense reimbursement, wrongful termination, discrimination, harassment, retaliation, fraud, defamation, emotional distress, breach of any express or implied contract or covenant, claims arising under federal or state consumer protection laws; claims arising under antitrust laws, claims arising under the Telephone Consumer Protection Act and Fair Credit Reporting Act; and claims arising under the Uniform Trade Secrets Act, Civil Rights Act of 1964, Americans With Disabilities Act, Age Discrimination in Employment Act, Older Workers Benefit Protection Act, Family Medical Leave Act, **Fair Labor Standards Act**, Employee Retirement Income Security Act (except for individual claims for employee benefits under any benefit plan sponsored by DRAIVER and covered by the Employee Retirement Income Security Act of 1974 or funded by insurance), **and state statutes, if any, addressing the same or similar subject matters**, and all other federal and state statutory and common law claims. All disputes concerning the arbitrability of a Claim (including disputes about the scope, applicability, enforceability, revocability or validity of the Arbitration Agreement) shall be decided by the arbitrator, except as expressly provided below."

(Ex. 1 to Ex. C, p. 19-20).

The arbitration agreement is further valid under state law. As outlined in a very recent opinion by this court, "the fact that the Federal Arbitration Act doesn't apply only means that its enforcement mechanisms aren't available, not that the whole dispute can't be arbitrated by enforcing the contract through another vehicle (like state law). ... That's true even when the contract says that the Federal Arbitration Act applies and mentions no other law." *Saxon v. Sw. Airlines Co.*, 19-CV-00403, 2023 WL 2456382, at *4 (N.D. Ill. Mar. 10, 2023)(footnote 5); citing *Atwood v. Rent-A-Center East Inc.*, No. 15-cv-1023-MJF-SCW, 2016 WL 2766656, at *3 (S.D. Ill. May 13, 2016) (internal citation omitted).

Here the TOS outlines, "Except as provided in Arbitration Agreement Section, this Agreement shall be governed by the laws of the State of Kansas without regard to choice of law principles. This choice of law provision is only intended to specify the use of Kansas law to interpret this Agreement and is not intended to create any other substantive right to non-Kansas citizens to assert claims under Kansas law whether by statute, common law, or otherwise." (Ex. B, p. 28). There is no Kansas exception under their arbitration laws related to transportation workers. The Kansas Uniform Arbitration Act states," (a) An agreement contained in a record to submit to arbitration any existing or subsequent controversy arising between the parties to the agreement is valid, enforceable and irrevocable, except upon a ground that exists at law or in equity for the revocation of a contract." Kan. Stat. Ann. § 5-428 (West).

Even if Plaintiff argues Illinois State Law should control, that would not further his argument as outlined in prior caselaw. Unlike the FAA, the Illinois Uniform Arbitration Act ("IUAA") has no exemption for transportation workers. *See Sherwood v. Marquette Transp. Co., LLC*, 587 F.3d 841, 843 (7th Cir. 2009) ("[P]rovisions for alternative dispute resolution may be enforced as contracts under state law, even if the provisions are outside the Federal Arbitration Act's scope."); *Atwood v.*

8

*Rent-A-Center East Inc.*, No. 15-cv-1023-MJF-SCW, 2016 WL 2766656, at *3 (S.D. Ill. May 13, 2016) (finding that the IUAA, unlike the FAA, lacks an exemption for transport workers and compelling arbitration under the IUAA).

The valid, unambiguous provision in Plaintiff's Arbitration Agreement designates arbitration as the exclusive method of resolution of any employment claims Plaintiff may have, including the alleged FLSA and IMWL claims currently pending in this Court. Accordingly, this Court should enforce the valid arbitration provision to which Plaintiff agreed and compel this dispute to arbitration.

### D. ALL OF PLAINTIFF'S CLAIMS ARE ARBITRABLE

In addition to being subject to the valid, claims are unquestionably arbitrable. Federal courts in the Seventh Circuit and nationwide routinely compel arbitration under the Federal Arbitration Act where the arbitration clause encompasses claims that relate to the employee's employment or termination of employment, including FLSA, IMWL and CMWO claims. *See Epic Systems Corp. v. Lewis*, 138 S.Ct. 1612, 1626 (2018) ("In fact, it turns out that '[e]very circuit to consider the question' has held that the FLSA allows agreements for individualized arbitration") (internal citations omitted); *Lozdoski v. City of Chicago*, 2009 WL 2032804 at *2 (N.D.Ill. 2009) ("[P]laintiffs' argument that their claims arise under the FLSA and are therefore not arbitrable is unavailing. Statutory claims, including those under the FLSA, may be resolved through the arbitration process"); *Pohlman v. NCR Corp*, 2013 WL 3776965 (N.D.Ill. 2013) at *5 ("[Plaintiff's] claim for recovering compensation for time worked under the Illinois minimum Wage Law, the Illinois Wage Payment and Collection Act, and the Fair Labor Standards Act . . . fall within the scope of the [arbitration] Agreement.).

Plaintiff's FLSA and IMWL claims are all arbitrable under this controlling precedent. Plaintiff's claims are expressly subject to the parties' unambiguous Arbitration Agreement, which is further entitled to a strong presumption of validity in light of the public policy in favor of arbitration.

This Court should so find, and it should uphold and enforce the parties' intended forum for the resolution of Plaintiff's claims.

WHEREFORE, Defendant, respectfully request that this Court compel arbitration of Plaintiff's claims and for further relief this Court deems just and proper.

          Respectfully submitted:

          DRIVERDO, LLC

          By:   <u>Ryan T. Benson</u>
                 One of its Attorneys
                 O'HAGAN MEYER LLC

Kevin M. O'Hagan (ARDC No 6211446)
Ryan T. Benson (ARDC No. 6312338)
O'HAGAN MEYER LLC
One East Wacker Drive
Suite 3400
Chicago, Illinois 60601
PH: (312) 422-6100
FX: (312) 422-6110
rbenson@ohaganlaw.com

**CERTIFICATE OF SERVICE**

This is to certify that on this June 30, 2020 I electronically filed **DEFENDANT'S MOTION TO COMPEL ARBITRATION,** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

**ATTORNEYS FOR PLAINTIFF:**
SANFORD LAW FIRM, PLLC
Josh Sanford
Colby Qualls
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040
josh@sanfordlawfirm.com
colby@sanfordlawfirm.com

/s/ *Ryan T. Benson*
Ryan T. Benson
O'HAGAN MEYER LLC
One E. Wacker Dr., Suite 3400
Chicago, Illinois 60601
Telephone: 312.422.6100
Facsimile: 312.422.6110
rbenson@ohaganmeyer.com

ONE OF THE ATTORNEYS FOR DEFENDANT, DRIVERDO, LLC