IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**ISAAC WRIGHT, Individually and on**            **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.            No. 1:22-cv-4553-SCS

**DRIVERDO, LLC**            **DEFENDANT**

## RESPONSE TO DEFENDANT'S MOTION TO COMPEL ARBITRATION

Defendant has waived its right to enforce the arbitration clause by allowing this case to proceed on the merits without raising the arbitration clause as an asserted, affirmative defense. Defendant allowed this case to progress for 10 months before filing its Motion to Compel. Plaintiff filed his Original Complaint—Collective Action on August 22, 2022 (ECF No. 1). Defendant filed its Answer on October 24 (ECF No. 5). Defendant raised eight affirmative defenses in its Answer but notably did *not* mention the arbitration clause or the arbitrability of Plaintiff's claims. *See* Answer.

On November 9, the parties filed a Joint Rule 26(f) Report in which the only defense Defendant maintained was that Plaintiff was properly classified as an independent contractor. ECF No. 11. As part of the Report, the parties negotiated a discovery plan and schedule. *Id*. Plaintiff mentioned that he intended to seek conditional certification and that additional discovery might be required. *Id*. The arbitrability of the claims was never mentioned. *See id*. More importantly, Defendant did not dispute that the Northern District of Illinois was the proper venue for this case. *Id*. at ¶ B. In fact, the Court provided a second opportunity regarding this issue when it directed Defendant to

Page 1 of 8
Isaac Wright, et al. v. DriverDo, LLC
U.S.D.C. (N.D. Ill.) Case No. 1:22-cv-4553-SCS
Response to Defendant's Motion to Compel Arbitration

provide a clarifying statement regarding its position on jurisdiction. ECF No. 12. In its Response, Defendant stated that the Court has federal question jurisdiction over the claims but again failed to raise any objections regarding the Court as the proper venue. ECF No. 14. On November 14, the Court entered its initial Scheduling Order setting out deadlines for discovery and disclosures. ECF No. 13.

On December 1, four months after filing his Complaint, Plaintiff filed his Motion for Conditional Certification (ECF No. 16). Defendant's Response, filed January 6, 2023, raised the arbitration agreements for the first time. ECF No. 20. The Response did not move to compel the claims to arbitration, it merely mentioned the arbitration clause as a defense against *certification*. *See id*. Even in the ensuing back-and-forth regarding certification and the production of arbitration documents, Defendant never raised the arbitration agreement as a defense to Plaintiff's claims—it merely raised them as a defense to certification. Defendant's Motion to Compel, filed only after the Court's instructions, 312 days after Plaintiff filed his Complaint, is the first time Defendant has raised the arbitration agreement as a defense to Plaintiff's claims. In the meantime, the parties have meaningfully engaged in expensive litigation by litigating conditional certification of a collective and engaging in discovery.

Defendant's failure to raise the issue of arbitration until nearly a year into litigation, after having engaged in motions practice, discovery and status reports clearly exemplifies an intent to adjudicate this case in court rather than arbitration. "A party's contractual right to insist on arbitration of a dispute is waivable." *Breedlove v. Santander Consumer USA, Inc.*, No. 1:20-cv-1051-JMS-DML, 2021 U.S. Dist. LEXIS 163250, at *9 (S.D. Ind. Aug. 26, 2021). The presumptions favoring arbitration do not exist in the

Page 2 of 8
Isaac Wright, et al. v. DriverDo, LLC
U.S.D.C. (N.D. Ill.) Case No. 1:22-cv-4553-SCS
Response to Defendant's Motion to Compel Arbitration

waiver analysis: "[t]he question whether it has been waived is divorced from policies favoring enforcement of arbitration rights; there is 'no thumb on the scales.'" *Id*. (quoting *Cabinetree of Wisconsin, Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 390 (7th Cir. 1995)). A court may find that a party has implicitly waived its right to pursue arbitration if "its conduct…was sufficiently inconsistent with electing arbitration that the right to make that choice has been forfeited." *Id*. (citing *Smith v. GC Servs. Ltd. P'ship*, 907 F.3d 495, 498–99 (7th Cir. 2018)).

In analyzing whether a party has waived its right to enforce arbitration, the Court may consider several factors, but ultimately the examination is of the totality of the circumstances. *Kawasaki Heavy Indus. v. Bombardier Rec. Prods.*, 660 F.3d 988, 994 (7th Cir. 2011). The most important factor to consider is the "diligence or lack thereof" of the party seeking arbitration. *Id*. (citing *Cabinetree*, 50 F.3d at 391). Other factors include "whether the allegedly defaulting party participated in litigation, substantially delayed its request for arbitration, or participated in discovery." *Id*. (citing *St. Mary's Med. Ctr., Inc. v. Disco Aluminum Prods. Co.*, 969 F.2d 585, 590 (7th Cir. 1992)). While the Seventh Circuit does not require a showing of prejudice to the nonmoving party to find waiver, "it is a relevant factor in the totality-of-the-circumstances analysis." *Id*. (citing *St. Mary's*, 969 F.2d at 590).

Here, Defendant's lack of diligence in pursuing arbitration weighs heavily in favor of waiver. Defendant failed to raise the arbitration agreements until responding to Plaintiff's request for conditional certification and failed to raise it as a defense to Plaintiff's claims until directed to do so by the Court nearly a year after the case had been filed. Defendant has actively participated in this litigation. In addition to the

Page 3 of 8
Isaac Wright, et al. v. DriverDo, LLC
U.S.D.C. (N.D. Ill.) Case No. 1:22-cv-4553-SCS
Response to Defendant's Motion to Compel Arbitration

responsive and court-directed motions practice detailed above, Defendant made overtures regarding filing its own Motion for Summary Judgment. *See* Def.'s Resp. in Opp. to Mot. to Continue Deadlines ¶ 6, ECF No. 31. Notably, Defendant claimed the summary judgment motion would be premised on countering Plaintiff's Complaint, and therefore would not involve the arbitrability of Plaintiff's claims. *See id*. Further, Defendant stated that it planned to file its motion on July 7 and was merely awaiting Plaintiff's expert disclosures, which implies that it had already been working on it and was simply waiting until the opportune moment to file. *Id*. Thus, rather than diligently seeking to compel Plaintiff's claims to arbitration, Defendant clearly had plans to fight Plaintiff's claims on the merits, in court.

Defendant's delay in requesting arbitration likewise favors waiver. Again, Defendant waited 10 months to seek enforcement of the arbitration clause, and then only did so at the Court's directive. Defendant also fully participated in discovery, both propounding and responding to written discovery and deposing Plaintiff. Finally, Plaintiff will clearly be prejudiced should he be directed to arbitration. Plaintiff has diligently pursued his claims, most notably his collective claims. If Plaintiff's claims are moved to arbitration, he will lose the benefit of the collective claims and the labor expended in pursuing those claims. Defendant should not be permitted to sit idly by and allow Plaintiff to pursue arguably waived claims instead of immediately raising arbitration as a defense to any collective proceedings. *See Brickstructures, Inc. v. Coaster Dynamix, Inc.*, 952 F.3d 887, 892 (7th Cir. 2020) ("Parties seeking to enforce their arbitration rights ought to get to it as soon as possible. Traveling too far down the judicial road

Page 4 of 8
Isaac Wright, et al. v. DriverDo, LLC
U.S.D.C. (N.D. Ill.) Case No. 1:22-cv-4553-SCS
Response to Defendant's Motion to Compel Arbitration

before reversing course to restart in an arbitral forum wastes time and resources.") (citing *Cabinetree*, 50 F.3d at 391).

Defendant will no doubt claim that issues of arbitrability were complicated due to the possibility of Defendant's drivers crossing state lines as part of their job duties, as claimed in its Response to Plaintiff's Motion for Conditional Certification (ECF No. 20), Response to Order Dated May 11 (ECF No. 32), and Motion to Compel. As shown in its Motion to Compel, Defendant does not believe that crossing state lines presents any barrier to the enforceability of *Plaintiff's* claims, and therefore there was no justification for any delay in seeking to compel arbitration of *Plaintiff's* claims.

This case bears striking similarity to the Southern District of Indiana's ruling in *Breedlove v. Santander Consumer USA, Inc.*, No. 1:20-cv-1051-JMS-DML, 2021 U.S. Dist. LEXIS 163250 (S.D. Ind. Aug. 26, 2021). The *Breedlove* court determined that the defendant had waived its right to enforce arbitration not only because it had waited seven months to move to compel, but also because it "engaged with the plaintiff (and the court) in negotiating a case management plan and a discovery protective order and in participating in three conferences with the judge;" had engaged in discovery that "took advantage of practices that may have been unavailable to it in an arbitral forum;" and was aware of the basis for arbitration well before actually seeking to enforce it. 2021 U.S. Dist. LEXIS 163250, at *13–15. The Court took particular notice of the defendant's engagement with the case management plan, which "expressly addresses class certification briefing, and some of the discovery propounded and answered by the parties is relevant only to class certification issues—issues that Santander's demand for

Page 5 of 8
Isaac Wright, et al. v. DriverDo, LLC
U.S.D.C. (N.D. Ill.) Case No. 1:22-cv-4553-SCS
Response to Defendant's Motion to Compel Arbitration

arbitration makes irrelevant based on the contract language precluding class arbitration." *Id*. at *13.

Here, Defendant has engaged with both Plaintiff and the Court in entering appearances, filing motions, and engaging in case management, even engaging with class certification management plans like the defendant in Breedlove. *See* Rule 26(f) Report, ¶ C (stating that Plaintiff anticipated the necessity of additional discovery if a collective was certified); Pl.'s Opp. Mot. to Continue Deadlines (expressly requesting an extension of deadlines pursuant to the Court's ruling on conditional certification); and Def.'s Resp. in Opp. to Mot. to Continue Deadlines (conceding that more discovery will be necessary if conditional certification is granted but not raising any reference to the fact that Plaintiff arguably waived certification in the arbitration agreement). As in Breedlove, Defendant's engagement with the case "caused prejudice to the plaintiff here, who was forced to expend resources on discovery, strategy, and case management analysis related to class issues that are wasted if she must prosecute her claims on an individual basis in arbitration." *Breedlove*, 2021 U.S. Dist. LEXIS 163250, at *13.

**Defendant fully engaged in discovery by serving both interrogatories and requests for production on Plaintiff, deposing Plaintiff, and responding to Plaintiff's interrogatories and requests for production.** As noted in *Breedlove*, these avenues for obtaining information may not have been available to Defendant in arbitration. *Id*. at *14 (citing *See, e.g., Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 31 (1991) (noting that discovery in arbitration may not be as robust as in federal court litigation); *Hyatt Franchising, L.L.C. v. Shen Zhen New World I, LLC*, 876 F.3d

Page 6 of 8
Isaac Wright, et al. v. DriverDo, LLC
U.S.D.C. (N.D. Ill.) Case No. 1:22-cv-4553-SCS
Response to Defendant's Motion to Compel Arbitration

900, 901 (7th Cir. 2017) (emphasis in original) ("[N]othing in the Federal Arbitration Act requires an arbitrator to allow *any* discovery."); *Fitigues, Inc. v. Varat*, NO. 92-4161, 1993 U.S. App. LEXIS 21602 (7th Cir. Aug. 18, 1993) (noting an arbitrator's discretion to decide scope of documents discovery)). Defendant cannot go back and "unknow" the information it obtained through discovery via the Rules of Civil Procedure and should not be allowed the tactical advantage of obtaining discovery in Court if it plans to move the case to arbitration.

All things considered, it is obvious that Defendant had no intention of compelling arbitration here. It engaged in motions practice, case management and discovery, indicated its intent to litigate on the merits via a summary judgment motion, and did not choose to compel arbitration until directed to by the Court. Defendant "has acted inconsistently with the right to arbitrate," and has therefore waived that right. *Brickstructures, Inc. v. Coaster Dynamix, Inc.*, 952 F.3d 887, 891 (7th Cir. 2020) (quoting *Welborn Clinic v. MedQuist, Inc.*, 301 F.3d 634, 637 (7th Cir. 2002)).

Defendant has engaged with this litigation such that it has waived its right to compel arbitration. Accordingly, Defendant's Motion to Compel must be denied.

Page 7 of 8
Isaac Wright, et al. v. DriverDo, LLC
U.S.D.C. (N.D. Ill.) Case No. 1:22-cv-4553-SCS
Response to Defendant's Motion to Compel Arbitration

Respectfully submitted,

**ISAAC WRIGHT, Individually
and on behalf of All Others
Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 500
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Colby Qualls
Ark. Bar No. 2019246
colby@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

## CERTIFICATE OF SERVICE

I, Josh Sanford, hereby certify that on the date imprinted by the CM/ECF system, a true and correct copy of the foregoing RESPONSE was electronically filed via the CM/ECF system, which will provide notice to the following attorneys of record:

Kevin M. O'Hagan, Esq.
Ryan T. Benson, Esq.
O'Hagan Meyer
1 East Wacker Dr., Suite 3400
Chicago, Illinois 60601
312-422-6100
kohagan@ohaganmeyer.com
rbenson@ohaganmeyer.com

*/s/ Josh Sanford*
**Josh Sanford**

Page 8 of 8
Isaac Wright, et al. v. DriverDo, LLC
U.S.D.C. (N.D. Ill.) Case No. 1:22-cv-4553-SCS
Response to Defendant's Motion to Compel Arbitration