UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ISAAC WRIGHT, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 22-cv-4553 |
| v. | ) ) | Hon. Steven C. Seeger |
| DRIVERDO, LLC, | ) ) ) | |
| Defendant. | ) ) | |

## ORDER

Defendant Driverdo, LLC's motion to compel arbitration (Dckt. No. 38) is hereby granted.

In August 2022, Plaintiff Isaac Wright brought a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, against Defendant Driverdo, LLC. *See* Cplt. (Dckt. No. 1). Wright alleged that Driverdo unlawfully classified its employees as independent contractors to avoid paying overtime rates as required by federal and state law. *Id.* at ¶¶ 25–31.

In December 2022, Wright moved to conditionally certify a class of former and current Driverdo employees. (Dckt. No. 16). The next month, Driverdo opposed the motion. And for the first time, Driverdo raised the existence of binding arbitration agreements between Driverdo and its drivers (including Wright). *See* Resp. to Mtn. for Conditional Certification, at 5 (Dckt. No. 20) ("Plaintiff and the 5,000+ Independent Contractor Users who utilized Defendant's mobile application from August 26, 2019 until now all signed arbitration agreements explicitly waiving their right to participate in such actions like this one.").

That filing sparked some questions by this Court. It seemed funny to oppose a motion for conditional certification based on an arbitration agreement, without demanding arbitration. This Court presided over a hearing on June 21, 2023 to get to the bottom of the issue.

Specifically, the Court asked Driverdo why it opposed the motion for conditional certification on the ground that its drivers entered into arbitration agreements, but had not moved to compel arbitration. *See* 6/21/23 Minute Entry (Dckt. No. 37). Basically, this Court decided that Driverdo needed to fish or cut bait on the issue of arbitration.

The Court set a deadline of June 30, 2023, for Driverdo to file a motion to compel arbitration, if it wished to do so, and asked Driverdo to provide additional evidence of Wright's agreement to arbitrate. *Id.*

On June 26, 2023, Driverdo made an arbitration demand. *See* Ryan T. Benson Decl., at ¶ 2 (Dckt. No. 38-1). And on June 30, Driverdo moved to compel arbitration. (Dckt. No. 38). The filing included additional information about Wright's signature, and explained how exactly he had agreed to arbitration.

Wright filed a response opposing the motion to compel. But he does not dispute that he agreed to arbitration. That is, Wright does not dispute the existence of a valid and enforceable arbitration agreement governing his claims.

Instead, Wright argued that Driverdo had "waived its right to enforce the governing arbitration clause by allowing this case to proceed on the merits without raising the arbitration clause as an asserted, affirmative defense." *See* Resp. to Mtn. to Compel, at 1 (Dckt. No. 39). Basically, Wright argues that Driverdo waived its right to enforce the agreement because it waited too long.

"For waiver of the right to arbitrate to be inferred, we must determine that, considering the totality of the circumstances, a party acted inconsistently with the right to arbitrate." *Kawasaki Heavy Indus., Ltd. v. Bombardier Recreational Prod., Inc.*, 660 F.3d 988, 994 (7th Cir. 2011). Several considerations come into play, including "whether the allegedly defaulting party participated in litigation, substantially delayed its request for arbitration, or participated in discovery." *Id.* Waiver can exist even if there was no prejudice to the non-moving party. *See St. Mary's Med. Ctr. of Evansville, Inc. v. Disco Aluminum Prod. Co.*, 969 F.2d 585, 590 (7th Cir. 1992).

"Although several factors may be considered in determining waiver, diligence or the lack thereof should weigh heavily in the decision – 'did that party do all it could reasonably have been expected to do to make the earliest feasible determination of whether to proceed judicially or by arbitration?'" *Sharif v. Wellness Int'l Network, Inc.*, 376 F.3d 720, 726 (7th Cir. 2004) (quoting *Ernst & Young LLP v. Baker O'Neal Holdings, Inc.*, 304 F.3d 753, 757 (7th Cir. 2002)).

Wright argues that Driverdo waived its right to arbitration because it waited ten months to file the motion to compel, and only did so after the Court set a deadline to do so. *See* Resp. to Mtn. to Compel, at 2 (Dckt. No. 39); *see also id.* at 3 ("Defendant failed to raise the arbitration agreements . . . as a defense to Plaintiff's claims until directed to do so by the Court nearly a year after the case had been filed."); *id.* at 4 ("Defendant waited 10 months to seek enforcement of the arbitration clause, and then only did so at the Court's directive."). In the meantime, Driverdo never raised the arbitration agreement as a potential affirmative defense. *See id.* at 2–3.

Additionally, Wright contends that during those ten months, Driverdo "meaningfully engaged in expensive litigation by litigating conditional certification of a collective and engaging in discovery." *Id.* at 2. Wright points to the fact that Driverdo filed an answer to the complaint, a joint Rule 26(f) Report, and a response to the Motion for Conditional Certification. *Id.* at 1–3. Wright also argues that Driverdo "made overtures regarding filing its own Motion for Summary Judgment," and participated in discovery by "propounding and responding to written discovery and deposing Plaintiff." *Id.* at 4.

2

Based on the record, the Court concludes that Driverdo has not waived its right to arbitration.

"Courts generally find waiver only when there has been extensive discovery or motion practice demonstrating that the party seeking to compel arbitration has invoked the district court's jurisdiction." *Skyline Restoration, Inc. v. First Baptist Church*, 2017 WL 6570077, at *3 (N.D. Ill. 2017). Here, there's not extensive discovery or motion practice suggesting that Driverdo acted inconsistently with the right to arbitrate.

To start, Driverdo has not filed any dispositive motion, which is of particular importance in evaluating waiver. *See Colon v. EYM Pizza of Ill., Inc.*, 2022 WL 3999703, at *3 (N.D. Ill. 2022) (finding no waiver of right to invoke arbitration agreement even though the defendant filed an answer to the complaint, "opposed Step One notice pursuant to the FLSA, then participated in mediation and participated in discovery"). "None of [Driverdo's] actions in this litigation asked the Court to take any action, other than this motion to compel arbitration." *Skyline Restoration*, 2017 WL 6570077, at *2.

Driverdo never evinced a strategy of "heads I win, tails you lose," by waiting until it received an adverse ruling on the merits before moving to arbitrate. *See Cabinetree of Wis., Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 391 (7th Cir. 1995). And even if Driverdo *had* a dispositive moved to dismiss the complaint, that alone wouldn't have been enough to infer waiver of the right to arbitrate. *See Kawaski*, 660 F.3d at 995 (holding that a defendant does not waive its right to arbitrate even when it files a motion to dismiss).

Instead, Driverdo's participation in the litigation was, in large part, responsive. *See Kashkeesh v. Microsoft Corp.*, 2023 WL 4181226, at *4 (N.D. Ill. 2023) (finding no waiver of the right to invoke an arbitration agreement where the defendant removed to federal court, participated in informal and formal discovery, and failed to raise arbitration until 20 months after the case was removed because the defendant's participation in litigation "was largely responsive"); *Skyline Restoration*, 2017 WL 6570077, at *2 ("'[R]esponsive conduct does not invoke this Court's jurisdiction or demonstrate an election to proceed before this Court.").

Driverdo did raise the issue of arbitration relatively early in the case. In January 2023, six months ago, Driverdo opposed the motion for conditional certification based on the existence of arbitration agreements. (Dckt. No. 20). Putting that date in perspective, Driverdo raised the issue of arbitration only two and a half months after filing its answer in late October 2022.

For whatever reason, Driverdo did not make an arbitration demand in January 2023. It flagged the issue of arbitration, but did not plant the flag by moving to compel arbitration right away. Instead, Driverdo waited months until it filed a motion to compel arbitration (after this Court flagged the question). Driverdo may not have run through the doors of arbitration in a brisk pace. But it did put its foot in the door early on.

True, Driverdo engaged in some discovery before filing its motion to compel arbitration. It served and responded to written discovery. And it deposed Wright. But that level of participation in litigation is relatively light, as far as discovery goes. *See Cooper v. Asset*

*Acceptance, LLC*, 532 F. App'x 639, 641 (7th Cir. 2013) (concluding that discovery requests and responses to discovery requests were not enough to infer waiver of an arbitration agreement); *Hudgins v. Total Quality Logistics, LLC*, 2018 WL 1706368, at *3 (N.D. Ill. 2018) (serving and responding to discovery requests constituted "relatively light" litigation that did not support a finding of waiver); *Skyline Restoration, Inc*, 2017 WL 6570077, at *2 (concluding that although defendant filed an answer to the complaint, participated in status conferences, filed a motion for leave to amend and a motion to compel discovery, and propounded and responded to "significant fact discovery," its participation in the litigation did not demonstrate that it had "'invoked' judicial process, or made an 'election to proceed'" in court).

Driverdo could have been more diligent in identifying and invoking its right to arbitrate. *See Kashkeesh*, 2023 WL 4181226, at *6. Wright signed an arbitration agreement. And Driverdo probably had knowledge of that agreement at the beginning of the lawsuit. Yet, Driverdo waited almost a year to make an arbitration demand or file a motion to compel.

Nevertheless, the Court finds Driverdo did not waive its right to arbitrate in this case. For one thing, the enforceability of arbitrability may have rested on the possibility that Wright crossed state lines as part of his job duties. *See* Resp. to Mtn. for Conditional Certification, at 6 (Dckt. No. 20) ("Plaintiff might argue that Independent Contractor Users that crossed state lines have invalid arbitration clauses."); Resp. to Mtn. to Compel, at 5 (Dckt. No. 39) ("Defendant will no doubt claim that issues of arbitrability were complicated due to the possibility of Defendant's drivers crossing state lines as part of their job duties."). It's unclear when Driverdo determined that issue posed no barrier to the arbitration agreement – it very well could have been *after* Driverdo deposed Wright. *See Colon*, 2022 WL 3999703, at *3 (finding no waiver where the defendant waited three years to invoke arbitration agreement so that it could confirm enforceability).

And, in any event, the Court finds important the fact that Driverdo never filed any dispositive motion, and never participated in the litigation in a way that suggested it intended to stay in federal court. Additionally, a ten-month delay (with no trial scheduled) "'certainly is nothing extraordinary amid the delay endemic to the world of the law and does not shock the Court's conscience.'" *Skyline Restoration*, 2017 WL 6570077, at*2 (finding no waiver in five-month delay) (quoting *Cooper*, 532 F. App'x at 642 (finding no waiver in nearly nine-month delay)).

Indeed, the Seventh Circuit itself has expressed hesitation that a ten-month delay is sufficient alone to infer waiver. *See St. Mary's*, 969 F.2d at 589 ("Perhaps ten months is not, standing alone, a substantial delay. A party needs time to assess its options. Weighing options is not normally inconsistent with the exercise of any of those options, and we can envision situations where a party may properly take months before deciding whether to litigate or demand arbitration."); *Levin v. NC12, Inc.*, 2011 WL 2582138, at *4 (N.D. Ill. 2011) (finding no waiver in 8-month delay).

In sum, the Court concludes that the passage of time – here, ten months – is insufficient to infer waiver. The Court also determines that Driverdo's participation in the litigation is not significant enough to find that it waived its right to arbitration.

4

     For the reasons stated, the Court determines that Driverdo has not waived its right to arbitrate the case. Accordingly, Defendant's motion to compel arbitration (Dckt. No. 38) is granted, and this case is stayed.

Date: July 13, 2023

Steven C. Seeger
United States District Judge